IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TORREY BURNETT, WENQUICE BURNETT, BRIAN FERGUSON, TANYA RENEE FERGUSON, and TALON RYALS,<br><br>Plaintiffs,<br><br>v.<br><br>SONYA EXPRESS, INC., YAKOV MELNIK, CON-LINK TRANSPORTATION, CORP., STEPHEN KNUDSON, and NATALIA DAVIDENKO<br><br>Defendants. | No. 3:07-cv-00489<br>JUDGE HAYNES |

## MEMORANDUM

Plaintiffs, Torrey Burnett, Wenquice Burnett, Brian Ferguson, Tanya Renee Ferguson, and Talon Ryals, filed this action under 28 U.S.C. § 1332, the federal diversity statute, against Defendants Sonya Express, Inc., Yakov Melnik, Con-Link Transportation, Corp. ("Con-Link"), Stephen Knudson, and Natalia Davidenko. Plaintiffs' claims are for negligence arising out of an accident involving Defendant Knudson colliding the prisoner transport van he was driving with the tractor-trailer driven by Defendant Melnik on May 9, 2006, resulting in injuries to the Plaintiffs. Defendants Knudson and Con-Link filed an answer denying any negligence on their part and the parties proceeded with discovery.

Before the Court are Defendant Knudson's and Defendant Con-Link's motion for summary judgment (Docket Entry No. 29) and motion for a ruling on the motion for summary

-1-

judgment (Docket Entry No. 48). In their motion for summary judgment, Defendants Con-Link and Knudson contend that Plaintiffs' claims against them should be dismissed because there is no proof that Defendant Knudson failed to exercise due care to support Plaintiffs' claim of negligence or that Defendant Knudson violated any statute. Defendants Knudson and Con-Link additionally argue that if Defendant Knudson is not liable for negligence, his employer, Defendant Con-Link, cannot be held liable either. The motion for a ruling on the motion for summary judgment (Docket Entry No. 48) effectively requests that the Court rule on the prior motion for summary judgment without delaying the proceedings.

In response to the motion for summary judgment, Plaintiffs argue that they have offered proof of negligence and negligence per se by Defendants Knudson and Con-Link. Plaintiffs argue that the deposition testimony of Defendant Yakov Melnik and Plaintiff Talon Ryals regarding Defendant Knudson's adherence to the required standard of care establishes an issue of material fact that precludes summary judgment.

For the reasons set forth below, the Court concludes that Defendants' motion for summary judgment should be denied. Material factual disputes exist as to whether Defendant Knudson negligently breached his duty of care to the Plaintiffs. As such, the motion for summary judgment as to Defendant Con-Link should also be denied.

-2-

Case 3:07-cv-00489  Document 51  Filed 01/22/09  Page 2 of 15 PageID #: 382

## I. REVIEW OF THE RECORD[1]

On May 9, 2006, Plaintiffs were passengers in a prisoner-transport van owned by Defendant Con-Link Transportation, Corp. and being driven by Defendant Knudson. (Docket Entry No. 37, Plaintiffs' Response to Defendants Con-Link Transportation, Corp. and Stephen Knudson's Statement of Undisputed Facts at ¶ 1). In the early morning while it was still dark, Defendant Knudson was driving east on a two-lane interstate in Tennessee. Id. at ¶ 2. Defendants Knudson and Con-Link assert that Defendant Knudson realized only seconds before impact that there was a tractor-trailer (driven by Defendant Melnik) blocking both lanes and shoulders of the highway. Id. at ¶ 3. Defendants Knudson and Con-Link further allege that Defendant Knudson remained in his lane and attempted to stop the van, but ultimately collided with the tractor trailer. Id. at ¶ 4. Finally, Defendants Knudson and Con-Link state that all Plaintiffs were asleep immediately prior to the impact. Id. at ¶ 5.

Plaintiffs dispute Defendants' portrayal of key facts, however. Plaintiffs assert that the tractor-trailer had lights and reflective tape that should have alerted Defendant Knudson to the obstruction, contrary to Defendant Knudson's deposition testimony that there were no lights visible on the trailer. (Knudson's Deposition at pp. 70-71; Melnik's Deposition at pp. 102-04). Plaintiffs cite Plaintiff Talon Ryals's testimony that he awoke shortly before the collision

---

[1] Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986) app. 840 F.2d 16 (6th Cir. 1988) (unpublished opinion). As will be discussed infra, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The Court concludes that there are material factual disputes. Thus, this section does not constitute a findings of fact under Fed. R. Civ. P. 56(d) on Plaintiff's First and Fourteenth Amendment retaliation claim.
-3-

Case 3:07-cv-00489   Document 51   Filed 01/22/09   Page 3 of 15 PageID #: 383

occurred, and observed Defendant Knudson driving at 85-90 miles per hour, beyond the speed limit of 70 miles per hour. (Ryals's Deposition at pp. 49-51, 60-63).

## II. CONCLUSIONS OF LAW

"The very reason of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Advisory Committee Notes on Rule 56, Federal Civil Judicial Procedure and Rules (West Ed. 1989). Moreover, "district courts are widely acknowledged to possess the power to enter summary judgment <u>sua sponte</u>, so long as the opposing party was on notice that she had to come forward with all of her evidence." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 326 (1986). <u>Accord</u>, <u>Routman v. Automatic Data Processing, Inc.</u>, 873 F.2d 970, 971 (6th Cir. 1989).

In <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986), the United States Supreme Court explained the nature of a motion for summary judgment:

> Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment 'shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' By its very terms, this standard provides that the mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact.
>
> <u>As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment</u>. Factual disputes that are irrelevant or unnecessary will not be counted.

477 U.S. at 247-48 (emphasis in the original and added in part). Earlier the Supreme Court defined a material fact for Rule 56 purposes as "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"

-4-

Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citations omitted).

A motion for summary judgment is to be considered after adequate time for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). Where there has been a reasonable opportunity for discovery, the party opposing the motion must make an affirmative showing of the need for additional discovery after the filing of a motion for summary judgment. Emmons v. McLaughlin, 874 F.2d 351, 355-57 (6th Cir. 1989). But see Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir. 1989).

There is a certain framework in considering a summary judgment motion as to the required showing of the respective parties as described by the Court in Celotex

> Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. . . . [W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim.

Celotex, 477 U.S. at 323 (emphasis deleted).

As the Court of Appeals explained, "[t]he moving party bears the burden of satisfying Rule 56(c) standards." Martin v. Kelley, 803 F.2d 236, 239, n. 4 (6th Cir. 1986). The moving party's burden is to show "clearly and convincingly" the absence of any genuine issues of material fact. Sims v. Memphis Processors, Inc., 926 F.2d 524, 526 (6th Cir. 1991) (quoting Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986)). "So long as the movant has met its initial burden of 'demonstrating the absence of a genuine issue of material fact,' the nonmoving party then 'must set forth specific facts showing that there is a genuine issue for

-5-

trial.'" Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989) (quoting Celotex and Rule 56(e)).

Once the moving party meets its initial burden, the Court of Appeals warned that "[t]he respondent must adduce more than a scintilla of evidence to overcome the motion [and]... must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting Liberty Lobby, 477 U.S. at 257). Moreover, the Court of Appeals explained:

> The respondent must 'do more than simply show that there is some metaphysical doubt as to the material facts.' Further, '[w]here the record taken as a whole could not lead a rational trier of fact to find' for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is 'implausible.'

Street, 886 F.2d at 1480 (cites omitted). See also Hutt v. Gibson Fiber Glass Products, No. 89-5731 (6th Cir. filed September 19, 1990) ("A court deciding a motion for summary judgment must determine 'whether the evidence presents a sufficient disagreement to require a submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.'" (quoting Liberty Lobby, 477 U.S. at 251-52)).

If both parties make their respective showings, the Court then determines if the material factual dispute is genuine, applying the governing law.

> More important for present purposes, <u>summary judgment will not lie if the dispute about a material fact is 'genuine' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party</u>.
>
> \* \* \*
>
> Progressing to the specific issue in this case, we are convinced that <u>the inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would</u>

-6-

<u>apply at the trial on the merits</u>. If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, <u>the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented</u>. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. <u>The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict -- 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed</u>.'

Liberty Lobby, 477 U.S. at 248, 252 (citation omitted and emphasis added).

It is likewise true that:

[I]n ruling on a motion for summary judgment, the court must construe the evidence in its most favorable light in favor of the party opposing the motion and against the movant. Further, the papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated. It has been stated that: 'The purpose of the hearing on the motion for such a judgment is not to resolve factual issues. It is to determine whether there is any genuine issue of material fact in dispute. . . .'

Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425, 427 (6th Cir. 1962) (citation omitted). As the Court of Appeals stated, "[a]ll facts and inferences to be drawn therefrom must be read in a light most favorable to the party opposing the motion." Duchon v. Cajon Company, 791 F.2d. 43, 46 (6th Cir. 1986) app. 840 F.2d 16 (6th Cir. 1988) (unpublished opinion) (citation omitted).

The Court of Appeals further explained the District Court's role in evaluating the proof on a summary judgment motion:

A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim. Rule 56 contemplates a limited marshalling of evidence by the nonmoving party sufficient to establishing a genuine issue of material fact for trial. This

-7-

marshalling of evidence, however, does not require the nonmoving party to "designate" facts by citing specific page numbers. Designate means simply "to point out the location of." Webster's Third New InterNational Dictionary (1986).

Of course, the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the nonmoving party relies; but that need for specificity must be balanced against a party's need to be fairly apprised of how much specificity the district court requires. This notice can be adequately accomplished through a local court rule or a pretrial order.

InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989) cert. denied 494 U.S. 1091 (1990). Here, the parties have given some references to the proof upon which they rely. Local Rules 56.01(b)-(d) require a showing of undisputed and disputed facts.

In Street, the Court of Appeals discussed the trilogy of leading Supreme Court decisions, and other authorities on summary judgment and synthesized ten rules in the "new era" on summary judgment motions

1. Complex cases are not necessarily inappropriate for summary judgment.

2. Cases involving state of mind issues are not necessarily inappropriate for summary judgment.

3. The movant must meet the initial burden of showing 'the absence of a genuine issue of material fact' as to an essential element of the non-movant's case.

4. This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.

5. A court should apply a federal directed verdict standard in ruling on a motion for summary judgment. The inquiry on a summary judgment motion or a directed verdict motion is the same: 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that the party must prevail as a matter of law.'

6. As on federal directed verdict motions, the 'scintilla rule' applies, i.e., the

Case 3:07-cv-00489   Document 51   Filed 01/22/09   Page 8 of 15 PageID #: 388

respondent must adduce more than a scintilla of evidence to overcome the motion.

7. The substantive law governing the case will determine what issues of fact are material, and any heightened burden of proof required by the substantive law for an element of the respondent's case, such as proof by clear and convincing evidence, must be satisfied by the respondent.

8. The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment.

9. The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.

10. The trial court has more discretion than in the 'old era' in evaluating the respondent's evidence. The respondent must 'do more than simply show that there is some metaphysical doubt as to the material facts.' Further, '[w]here the record taken as a whole could not lead a rational trier of fact to find' for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is implausible.

Street, 886 F.2d at 1479-80.

The Court has distilled from these collective holdings four issues that are to be addressed upon a motion for summary judgment: (1) has the moving party "clearly and convincingly" established the absence of material facts?; (2) if so, does the plaintiff present sufficient facts to establish all the elements of the asserted claim or defense?; (3) if factual support is presented by the nonmoving party, are those facts sufficiently plausible to support a jury verdict or judgment under the applicable law?; and (4) are there any genuine factual issues with respect to those material facts under the governing law?

In their motion for summary judgment, Defendants Knudson and Con-Link contend that Defendant Knudson has provided the only account of the collision (which they classify as unavoidable), and Plaintiffs lack any proof suggesting Defendant Knudson was negligent.

Plaintiffs respond that the deposition testimony of Defendant Melnik and Plaintiff Ryals contradicts Defendant Knudson's testimony, and supports their claims of negligence and negligence per se against Defendant Knudson, and by extension, Defendant Con-Link.

As for applicable law, in this diversity action, state law controls on the parties' substantive claims and defenses. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). To determine which state's laws govern a diversity action, a district court must apply the conflict of law rules of the forum state. Johnson v. Ventra Group, Inc., 191 F.3d 732, 738 (6th Cir. 1999). The parties all cite to Tennessee law as governing the negligence claims here.

Tennessee Courts apply the "most significant relationship" approach of the Second Restatement of Conflicts. Glennon v. Dean Witter Reynolds, Inc., 83 F.3d 132, 136 (6th Cir. 1996) (citing Hataway v. McKinley, 830 S.W.2d 53 (Tenn. 1992)). As Defendants' alleged negligence and Plaintiffs' alleged injury took place in Tennessee, the Court concludes that Tennessee has the most significant relationship to the alleged tort. Accordingly, Tennessee law applies to the state law torts alleged in this action.

To establish a claim for negligence under Tennessee law, a plaintiff must establish the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause. Satterfield v. Breeding Insulation Co., 266 S.W.3d 347, 355 (Tenn. 2008) (citing Naifeh v. Valley Forge Life Ins. Co., 204 S.W.3d 758, 771 (Tenn. 2006); Draper v. Westerfield, 181 S.W.3d 283, 290 (Tenn. 2005)).

In their motion for summary judgment, Defendants Knudson and Con-Link argue that Plaintiffs have not presented any evidence supporting the second element, namely that

Defendants Knudson and Con-Link breached their duty to Plaintiffs by failing to meet the required standard of care.

Negligence is neither presumed nor inferred from the mere occurrence of an accident or injury. Hickman v. Jordan, 87 S.W.3d 496, 499 (Tenn. Ct. App. 2001); Armes v. Hulett, 843 S.W.2d 427, 432 (Tenn. Ct. App. 1992); Williams v. Jordan, 208 Tenn. 456, 346 S.W.2d 583, 586 (Tenn. 1961). Where the evidence of the parties conflicts, or where that evidence reasonably leads to different conclusions, negligence issues, specifically questions of ordinary care and proximate cause, are questions for a jury. Hickman, 87 S.W.3d at 49. See also Anderson v. City of Chattanooga, 978 S.W.2d 105, 107 (Tenn. Ct. App. 1998) (stating that while duty is a question of law in Tennessee, breach and causation are questions of fact). Accordingly, the Tennessee Supreme Court has noted, "[a]s a general rule summary judgments are not appropriate in negligence cases." Bowman v. Henard, 547 S.W.2d 527, 530 (Tenn. 1997). Failure to maintain a reasonably careful lookout while driving can establish the breach of a driver's duty under Tennessee law. See Van Sickel v. Howard, 882 S.W.2d 794, 798 (Tenn. Ct. App. 1994) (quoting Nash-Wilson Funeral Home, Inc. v. Greer, 417 S.W.2d 562, 565 (Tenn. Ct. App. 1966)); see also Wright v. City of Knoxville, 898 S.W.2d 177 (Tenn. 1995).

Plaintiffs cite the testimony from Defendant Melnik and Plaintiff Ryals as establishing a material factual dispute about whether Defendant Knudson breached his duty of care. The relevant excerpts from Defendant Melnik's deposition cited by Plaintiffs, if believed by the finder of fact, could establish that Defendant Knudson negligently failed to see Defendant Melnik's warning lights, failed to slow at any point prior to the collision, and failed to maneuver his vehicle in a way to avoid a collision. (Melnik's Deposition at pp. 102-04). As Defendant

-11-

Melnik's deposition testimony effectively supports Plaintiffs' allegations that Defendant Knudson failed to exercise due care, Defendants' motion for summary judgment on the negligence claim should be denied.

Defendants Knudson and Con-Link also argue that Plaintiffs have not offered any evidence supporting a claim for negligence per se. For a claim of negligence per se, a plaintiff must establish three elements: "First, the defendant must have violated a statute or ordinance that imposes a duty or prohibition for the benefit of a person or the public. Second, the injured party must be within the class of persons intended to benefit from or be protected by the statute. Finally, the injured party must show that the negligence was the proximate cause of the injury." Harden v. Danek Medical, Inc., 985 S.W.2d 449, 452 (Tenn. Ct. App. 1998) (citations omitted). Defendants Knudson and Con-Link argue that the evidence presented here does not establish the first element, namely, a violation of the three statutes listed in the Plaintiffs' complaint: Tenn. Code Ann. §§ 55-8-123, 55-8-136, and 55-16-108.

Tenn. Code Ann. § 55-8-123 requires drivers to keep their vehicles within their lanes, and broadly focuses on changing lanes and passing vehicles in multi-lane roads. As interpreted by Tennessee courts, this is not "a requirement for driving perfection." State v. Richie, 2007 WL 10449 at *2 (Tenn. Crim. App. Jan. 3, 2007). As Defendants Knudson and Con-Link note, Tenn. Code Ann. § 55-16-108 is entitled "Demolishers" and regulates the release of automobiles to demolishers. Plaintiffs do not argue against the Defendants' interpretation of these two statutes, and offer no proof that suggests Defendant Knudson violated the lane provisions of Tenn. Code Ann. § 55-8-123 in any way. Additionally, Tenn. Code Ann. § 55-16-108 is unrelated to the alleged facts and events at issue here.

-12-

Yet, Tenn Code Ann. § 55-8-136 applies based upon Plaintiffs' proof, and that statute states, in relevant part:

> Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with any other motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating the motor vehicle at a safe speed, by maintaining a safe lookout, by keeping the motor vehicle under proper control and by devoting full time and attention to operating the motor vehicle, under the existing circumstances to avoid endangering life, limb or property.

Tenn Code Ann. § 55-8-136(b).

Under Tennessee law, "'failure to perform a statutory duty is negligence per se.'" Darling v. J.B. Expedited Services, Inc., 2006 WL 2238913 at *20 (M.D. Tenn. Aug. 3, 2006) (quoting Tennessee Trailways, Inc. v. Ervin, 222 Tenn. 523, 438 S.W.2d 733, 735 (Tenn. 1969)). "'Generally, a claim of negligence per se may be supported only by statutes and regulations relating to public safety, such as health regulations and rules of the road.'" Id. at *20 (quoting Scarborough v. Brown Group, Inc., 935 F. Supp. 954, 964-65 (W.D. Tenn. 1995)).

Talon Ryals's deposition testimony sets forth his observations of Defendant Knudson's driving shortly before the accident:

> Q: And you saw that he was going 85 to 90 the entire time?
>
> A: And sometimes over 90.
>
> Q: All right. Does that (indicating) look like the window that you were looking at?
>
> A: Yeah.
>
> Q: Is that the window into the driver's compartment?

-13-

> A: I don't know if that's it but that's what it looked like.
>
> Q: And from sitting in the back-end of the truck, looking through the window open in this area, you were able to see that he was going in excess of 85, 90 miles the entire time?
>
> A: Yes....

(Ryals's Deposition at pp. 62-63).

This proof, if accepted by the fact-finder, would establish that Defendant Knudson violated Tenn Code Ann. § 55-8-136 by exceeding posted speed limits. The Court concludes that a reasonable jury could find that Defendant Knudson breached his duty to Plaintiffs by failing to adhere to an appropriate standard of care under the circumstances. As such, the Court determines that Defendants' motion for summary judgment as to Defendant Knudson should be denied.

Finally, Defendants Knudson and Con-Link argue that the doctrines of respondeat superior and negligent entrustment are only permitted against employers if an employee actually committed a tort. Defendants Knudson and Con-Link assert that because Defendant Knudson committed no tort, Defendant Con-Link cannot be liable. This argument assumes, however, that Defendant Knudson would prevail. With the Court's ruling, Defendants' motion for summary judgment as to Defendant Con-Link should also be denied.

For the above-stated reasons, the Court concludes that Defendants' motion for summary judgment (Docket Entry No. 29) should be denied. Defendants' motion for a ruling on the motion for summary judgment (Docket Entry No. 48) is denied as moot.

An appropriate Order is filed herewith.

**ENTERED** this the 22nd day of January, 2009.

_____
WILLIAM J. HAYNES, JR.
United States District Judge